## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**JAN 10 2018**

JAMES N. HATTEN, Clerk
By_____Deputy Clerk

| | |
|---|---|
| Monteria Najuda Robinson, as the natural parent of Jamarion Rashad Robinson , and The of Estate of Jamarion Rashad Robinson, <br><br> Plaintiffs, <br><br> vs. <br><br> William Sauls, Atlanta Police Officer, Steve Schreckengost, Atlanta Police Detective; Steve O'Hare, Atlanta Police Detective; Daniel Doyle, Fulton County Detective; Kristopher Hutchens, Clayton County Police Officer; Daniel Durand, Clayton County Fire Dept. Medic; Joshua Mauney, Fayette County Sheriff's Officer; Eric Heinze, United States Marshals Service (USMS) Inspector; John Doe Police Officer a/k/a "TEZ"; Unknown John Doe East Point Georgia Police Officers 1-10, <br><br> Defendants. | CASE NUMBER: **1:18-CV-0131** <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Monteria Najuda Robinson, as the natural parent of Jamarion Rashad Robinson and the

Executor of the Estate of Jamarion Rashad Robinson, by and through her attorneys, David J.

Utter, The Claiborne Firm, P.C., Andrew M. Stroth and Carlton Odim, Action Injury Law Group

LLC, files this Complaint based on the defendants' William Sauls, Steve Schreckengost, Steve

O'Hare, Fulton County, Daniel Doyle, Kristopher Hutchens, Daniel Durand, Fayette County,

Joshua Mauney, Eric Heinze, John Doe a/k/a "TEZ," City of East Point, John Doe East Point

1

Georgia Police Officers 1-10 as follows:

## INTRODUCTION

1.

This is a civil rights action. On August 5, 2016, at approximately 1:30 p.m. Jamarion Robinson, a 26-year-old African American male and a diagnosed schizophrenic, lost his life. One or more of the defendant officers shot him without legal justification.

2.

At the time of the shooting, Jamarion Robinson presented no immediate threat to the defendant officers or anyone else.

## JURISDICTION AND VENUE

3.

The Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 et seq; the Judicial Code, §§ 1331 and 1343(a); and the Constitution of the United States. As to the state claims, Plaintiffs invokes 42 U.S.C. § 1367.

4.

Venue is proper in this District under 28 U.S.C. § 1391(b). The parties reside, or, at the time the events took place, resided in this judicial district, and the events giving rise to the plaintiff's claims also occurred in this judicial district.

## PARTIES

### Plaintiffs

5.

Jamarion Robinson was a 26-year-old man and citizen of the United States residing in the

2

state of Georgia.

6.

Plaintiff Monteria Najuda Robinson is Jamarion Robinson's mother and natural parent.

7.

Plaintiff Estate of Jamarion Robinson is Mr. Robinson's valid legal estate. Plaintiff Monteria Robinson was appointed executor of the estate by the Probate Court of Gwinnett County, Georgia on December 28, 2017.

**Defendants**

8.

William Sauls was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the City of Atlanta, acting within the scope of his employment with the City of Atlanta and under the color of state law. He is sued in his individual capacity.

9.

Steve Schreckengost was, at all times relevant to the allegations made in this complaint, a duly appointed police officer and detective employed by the City of Atlanta, acting within the scope of his employment with the City of Atlanta and under the color of state law. He is sued in his individual capacity.

10.

Steve O'Hare was, at all times relevant to the allegations made in this complaint, a duly appointed police officer and detective employed by the City of Atlanta, acting within the scope of his employment with the City of Atlanta and under the color of state law. He is sued in his

individual capacity.

11.

Daniel Doyle was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by Fulton County, acting within the scope of his employment with Fulton County and under the color of state law. He is sued in his individual capacity.

12.

Officer Kristopher Hutchens was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by Clayton County, Georgia, acting within the scope of his employment with Clayton County and under the color of state law. He is sued in his individual capacity.

13.

Daniel Durand was, at all times relevant to the allegations made in this complaint, a duly appointed fire department medic employed by Clayton County, Georgia, acting within the scope of his employment with Clayton County and under the color of state law. He is sued in his individual capacity.

14.

Joshua Mauney was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by Fayette County, Georgia, acting within the scope of his employment with Fayette County and under the color of state law. He is sued in his individual capacity.

15.

Eric Heinze was, at all times relevant to the allegations made in this complaint, a law

enforcement officer employed as an Inspector with the United States Marshals Service (a federal law enforcement agency within the United States Department of Justice), acting with the scope of his employment with the Marshals Service and under the color of federal law. He is sued in his individual capacity.

16.

Unidentified Officer a/k/a "TEZ" was, at all times relevant to the allegations made in this complaint, a law enforcement officer employed with an unknown Georgia State or Federal law enforcement agency, acting with the scope of his employment with that law enforcement agency. He is sued in his individual capacity.

17.

Unknown John Does East Point Georgia Police Officers 1-10 were, at all times relevant to the allegations made in this complaint, duly appointed police officers employed by the City of East Point Georgia, acting within the scope of their employment with East Point and under the color of state law. John Does 1-10 are sued in their individual capacity.

**FACTS**

18.

Prior to August 5, 2016, and at all times relevant to the allegations contained in this complaint, the City of Atlanta and its police department participated in a joint venture [hereinafter referred to as the "Task Force"] with Fulton County, Georgia and its Police Department, with Clayton County, Georgia and its Police Department and Fire Department, with Fayette County, Georgia and its Sheriff's Office, with East Point, Georgia and its police department, and with the United States Marshall's Service (USMS).

5

19.

After the formation of the Task Force and in the weeks prior to August 5, 2016, defendant Steve O'Hare learned that "over the past few years [decedent Jamarion Robinson] became increasingly unstable, violent, and unpredictable. He had paranoia issues and was diagnosed with schizophrenia, but had not been taking his medication."

20.

On August 5, 2016, at approximately 12:30, seven or more members of the Task Force met at a church near Washington Road and Interstate 285 in Atlanta for the purpose of receiving information about serving an arrest warrant on decedent Jamarion Robinson at 3129 Candlewood Drive in Atlanta. Among other things, Steve O'Hare "relayed...ROBINSON'S mental health history" to the defendant officers in attendance.

21.

Approximately an hour after the meeting in the church the defendant officers moved from the church near Washington Road and Interstate 285 to positions around and in front of 3129 Candlewood Drive.

22.

One or more of the defendant officers pounded loudly on the front door of 3129 Candlewood Drive multiple times.

23.

Then one or more defendant officers broke down the front door and, without cause or provocation by Jamarion Robinson, began "spraying" bullets around the interior of 3129 Candlewood Drive with one or more H&K 9 mm submachine guns, one or more H&K .40 mm

6

submachine guns, and one or more Glock .40 pistols.

24.

When one or more of the defendants began "spraying" bullets around the interior of 3129 Candlewood Drive, they did not know how many people were in the building.

25.

Fifty-nine bullets or more from the sub-machine guns and Glocks of the defendant officers entered the body of Jamarion Robinson, killing him.

26.

After killing Jamarion Robinson, one or more of the defendants ascended a single flight of stairs to a second floor landing, where the bullet-riddled corpse of Jamarion Robinson was lying.

27.

With the intention of covering-up their actions by manipulating the evidence on the scene and with the intention making it more difficult if not impossible to accurately reconstruct the shooting-event, the defendant Marshals:

        a.     Set off a flash bang grenade;

        b.     Stood over Jamarion Robinson corpse and mutilated it by firing into it two 9 millimeter bullets;

        c.     Handcuffed the corpse knowing that it was lifeless and without the power of animation to react to them;

        d.     Put an oxygen rebreathing mask over the corpse knowing that it was lifeless and without the power of respiration;

        e.     Dragged the corpse from the second floor landing down a flight of stairs to the first floor, with the sole purpose of attempting to destroy the evidentiary connection:

(i) between the bullet entry-and-exit wounds on the
corpse and the surrounding walls, floor and ceiling;

(ii) between the corpse and the blood- and flesh-spatter patterns on the
surrounding walls, floor and ceiling; and

(iii) between the corpse and its actual position when found
by the defendant Marshalls; and

f.    Otherwise tampered with the evidence on the scene with the intention of
destroying its evidential value.

28.

At all times material to the allegations contained in this complaint, the defendant officers:

a.    Were not properly trained to execute arrest warrants on people with
psychiatric conditions;

b.    Failed to investigate the mental health status of Jamarion Robinson before
attempting to execute the arrest warrant, knowing that he was a diagnosed
schizophrenic;

c.    Were encouraged by their lack of training and their failure to investigate
the mental health status of Jamarion Robinson to use excessive and
unreasonable force against Jamarion Robinson;

d.    Were not properly trained with regard to forcing their way into a structure
where a civilian with a psychiatric condition is present, using flash bang
grenades in a structure where a person with a psychiatric condition is
present, and/or pointing and shooting firearms at a person with a
psychiatric condition.

29.

The actions of the Defendants and their named and unnamed co-conspirators, as alleged

in this complaint, were done jointly, in concert, and with shared intent and, therefore constitute a

continuing civil conspiracy under 42 U.S.C. § 1983 and the 4th Amendment of the United States

Constitution.

8

30.

Even though each had the opportunity to do so, none of the defendants intervened in the actions of the other individual defendants to stop the unconstitutional shooting of Jamarion Robinson.

### Count 1
### 42 .S.C. § 1983 Claim for Excessive Force

31.

Plaintiffs repeat and reallege the preceding paragraphs of this complaint as if they were fully set out in this Count.

32.

The actions of individual defendants Steve Schreckengost, Steve O'Hare, Daniel Doyle, Kristopher Hutchens, Daniel Durand, Joshua Mauney, Eric Heinze, John Doe Police Officer a/k/a "TEZ" and Unknown John Doe East Point Georgia Police Officers 1-10 as alleged in this complaint in shooting Jamarion Robinson without just cause violated Jamarion Robinson's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution.

33.

The actions of individual defendants Steve Schreckengost, Steve O'Hare, Daniel Doyle, Kristopher Hutchens, Daniel Durand, Joshua Mauney, Eric Heinze, John Doe Police Officer a/k/a "TEZ" and Unknown John Doe East Point Georgia Police Officers 1-10 in this Count of the complaint were the direct and proximate cause of the constitutional violations set forth above and of the Plaintiffs injuries.

## Count 2
## 42 .S.C. § 1983 Claim for Failure to Intervene

34.

Plaintiffs repeat and reallege the preceding paragraphs of this complaint as if they were fully set out in this Count.

35.

The actions of individual defendants Steve Schreckengost, Steve O'Hare, Daniel Doyle, Kristopher Hutchens, Daniel Durand, Joshua Mauney, Eric Heinze, John Doe Police Officer a/k/a "TEZ" and Unknown John Doe East Point Georgia Police Officers 1-10 as alleged in this complaint in failing to intervene in the unconstitutional shooting of Jamarion Robinson violated Jamarion Robinson's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution.

36.

The actions of individual defendants Steve Schreckengost, Steve O'Hare, Daniel Doyle, Kristopher Hutchens, Daniel Durand, Joshua Mauney, Eric Heinze, John Doe Police Officer a/k/a "TEZ" and Unknown John Doe East Point Georgia Police Officers 1-10 in this Count of the complaint were the direct and proximate cause of the constitutional violations set forth above and of the Plaintiffs injuries.

## Count 3
## 42 .S.C. § 1983 Claim for Conspiracy

37.

Plaintiffs repeat and reallege the preceding paragraphs of this complaint as if they were

fully set out in this Count.

38.

Defendants Steve Schreckengost, Steve O'Hare, Daniel Doyle, Kristopher Hutchens, Daniel Durand, Joshua Mauney, Eric Heinze, John Doe Police Officer a/k/a "TEZ" and Unknown John Doe East Point Georgia Police Officers 1-10 as alleged in this complaint, together with their co-conspirators who are not sued in this complaint, reached an understanding, engaged and continue to engage in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to unreasonably stop, seize, shoot and injure Jamarion Robinson in violation of his constitutional rights, to destroy and fabricate evidence, to complete false, inaccurate, and misleading reports, and to make false statements to superior officers in order to conceal their wrongdoing.

39.

In furtherance of this conspiracy or conspiracies, these individual, non-entity defendants, together with their co-conspirators who are not sued in this complaint, committed the overt acts set alleged in this complaint.

40.

These conspiracies are continuing.

**Count 4**
**(Bivens Claim against Defendant Eric Heinze)**

41.

Plaintiffs repeat and reallege the preceding paragraphs of this complaint as if they were fully set out in this Count.

11

42.

The Fourth Amendment of the United States Constitution provides that "The right of people to be secure in their persons, houses, papers, and effects, against unreasonable searched and seizures, shall not be violated.

43.

The actions of Eric Heinze as alleged in this Count of the complaint were done under the color of federal law.

44.

The actions of Eric Heinze as alleged in this Count of the complaint were the direct and proximate cause of the constitutional violations set forth above and of the injuries to Jamarion Robinson and his Estate.

**Count 5**
**State Law Claim for Conspiracy**

45.

Plaintiffs repeat and reallege the preceding paragraphs of this complaint as if they were fully set out in this Count.

46.

Defendants Steve Schreckengost, Steve O'Hare, Daniel Doyle, Kristopher Hutchens, Daniel Durand, Joshua Mauney, Eric Heinze, John Doe Police Officer a/k/a "TEZ" and Unknown John Doe East Point Georgia Police Officers 1-10 as alleged in this complaint, together with their co-conspirators who are not sued in this complaint, reached an understanding, engaged and continue to engage in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to unreasonably stop, seize, shoot and injure Jamarion

12

Robinson in violation of his constitutional rights, to destroy and fabricate evidence, to complete false, inaccurate, and misleading reports, and to make false statements to superior officers in order to conceal their wrongdoing.

47.

In furtherance of this conspiracy or conspiracies, these individual, non-entity defendants, together with their co-conspirators who are not sued in this complaint, committed the overt acts set alleged in this complaint.

48.

These conspiracies are continuing.

## Count 6
## State Law Claim for Battery

49.

Plaintiffs repeat and reallege the preceding paragraphs of this complaint as if they were fully set out in this Count.

50.

Defendants Steve Schreckengost, Steve O'Hare, Daniel Doyle, Kristopher Hutchens, Daniel Durand, Joshua Mauney, Eric Heinze, John Doe Police Officer a/k/a "TEZ" and Unknown John Doe East Point Georgia Police Officers 1-10 as alleged in this complaint knowingly and without legal justification caused bodily harm to Jamarion Robinson when they shot and injured him, thereby constituting battery under Georgia law.

13

## Count 7
## Wrongful Death

### 51.

Plaintiffs repeat and reallege the preceding paragraphs of this complaint as if they were fully set out in this Count.

### 52.

As a direct and proximate result of the Defendants' criminal, intentional, and negligent acts, Jamarion Robinson died by homicide.

### 53.

Mr. Robinson's death was a wrongful death within the meaning of the Georgia Wrongful Death Act, O.C.G.A. §§ 51-4-1, *et. seq.*

### 54.

Section 51-4-4 provides a right of action for the wrongful death of a child killed by homicide.

### 55.

Under O.C.G.A. §§ 19-7-1(c)(2)(A), Plaintiff Monteria Robinson is the parent entitled to prosecute this right of action and entitled to the full value of the life of Jamarion Robinson.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs request that this Court award the plaintiffs:

1. Substantial actual or compensatory damages for the violation of the constitutional and state law rights alleged in this complaint;

2. Punitive damages;

3. Attorney's fees and costs; and

14

4.      All other monetary relief that the court deems appropriate, including pre- and

post-judgment interest.

Respectfully submitted, this 10th day of January, 2018.

DAVID J. UTTER    *ex parce permission*
Georgia Bar Number: 723144
THE CLAIBORNE FIRM, P.C.
410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
david@claibornefirm.com

ANDREW M. STORTH
Action Injury Law Group, LLC
191 North Wacker Drive
Suite 2300
Chicago, IL  60606
(844) 878-4529 Telephone
astroth@actioninjurylawgroup.com
*(Pro Hac Vice Pending)*

CARLTON ODIM
Odim Law Offices
225 West Washington Street
Suite 2200
Chicago, IL  60606
(312) 578-9390 Telephone
carlton@odimlawoffices.com
*(Pro Hac Vice Pending)*

15