IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MONTERIA NAJUDA ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM SAULS, et al.,<br><br>Defendants. | Civil Action No.<br><br>1:18-cv-0131-TCB |

## DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

Defendants William Sauls, Steve Schreckengost, Steve O'Hare, Daniel Doyle, Kristopher Hutchens, Daniel Durand, Joshua Mauney, and Eric Heinze (collectively "Defendants"), hereby respond to the Court's Order to Show Cause, and show the Court the following:

Plaintiff's Complaint arises out of the investigation, arrest, and death of Jamarion Robinson. Plaintiff alleges constitutionals claims pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as well as state law claims, including conspiracy, battery, and wrongful death.

At all times relevant to Plaintiff's Complaint, all Defendants other than Eric Heinze were deputized as Special Deputy U.S. Marshals with the United States Marshal Service's ("USMS") Southeast Regional Fugitive Task Force ("SERFTF"). *See* Special Deputation Appointments, attached hereto as Exhibit A; *see also* Complaint at ¶¶ 18-20. Defendant Heinze is a Deputy U.S. Marshal, employed by the USMS, who served as an Inspector with SERFTF. *See* Complaint at ¶ 15. This task force operates under color of federal law. *See* 28 U.S.C. § 566(e)(1)(B) (authorizing the USMS to investigate fugitive matters); 34 U.S.C. § 41503 (establishing fugitive apprehension task forces, consisting of federal, state, and local law enforcement officers); 28 C.F.R. § 0.112 (permitting deputization of federal, state, and local law enforcement officers); *see also Guerrero v. Scarazzini*, 274 F. App'x 11, 12 n.1 (2d Cir. 2008) (holding that local officers "assigned to an FBI Joint Organized Crime and Drug Enforcement Task Force" were "federally deputized for their Task Force work,").

"To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed.R.Civ.P. 4(i)(3). Accordingly, Plaintiff is required

to serve a summons and copy of her Complaint on each individually-named Defendant and also must serve the United States by serving the U.S. Attorney for the Northern District of Georgia and the Attorney General of the United States. Fed.R.Civ.P. 4(e), (i)(1), (i)(3).

Pursuant to Federal Rule of Civil Procedure 12(a)(3), "[a] United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later."

Sixty (60) days has not passed since any of the Defendants were served individually. *See Revere v. Harvey*, No. 1:06-CV-2485-CAP-RGV, 2007 WL 9672619, at *1 (N.D. Ga. Feb. 1, 2007) ("The United States and its officers and employees have 60 days, measured from service upon the United States attorney, to answer a complaint."). In addition, neither the Attorney General nor the United States Attorney has been served pursuant to Federal Rule of Civil Procedure 4(i). *See Sun v. United States*, 342 F. Supp. 2d 1120, 1123 (N.D. Ga. 2004), *aff'd*, 151 F. App'x 860 (11th Cir. 2005) ("[T]he period in which to answer does not begin to run

until the United States Attorney is properly served pursuant to Rule 4(i)").[1]  For these reasons, default judgment should not be entered against Defendants for failure to timely file an answer in this case.

                              Respectfully submitted,
                              BYUNG J. PAK
                              United States Attorney

                              *s/ Gabriel A. Mendel*
                              GABRIEL A. MENDEL
                              Assistant U.S. Attorney
                              Georgia Bar No. 169098
                              600 United States Courthouse
                              75 Ted Turner Drive, S.W.
                              Atlanta, Georgia  30303
                              Voice:    (404) 581-6000
                              Facsimile: (404) 581-4667

---

[1] Federal Rule of Civil Procedure 55(d) also provides that "default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MONTERIA NAJUDA ROBINSON,<br><br>  Plaintiff,<br><br>  v.<br><br>WILLIAM SAULS, et al.,<br><br>  Defendants. | Civil Action No.<br><br>1:18-cv-0131-TCB |

## CERTIFICATE OF COMPLIANCE

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in LR 5.1B for documents prepared by computer.

            *s/ Gabriel A. Mendel*
            Gabriel A. Mendel
            Assistant U.S. Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MONTERIA NAJUDA ROBINSON,<br><br>      Plaintiff,<br><br>      v.<br><br>WILLIAM SAULS, et al.,<br><br>      Defendants. | Civil Action No.<br><br>1:18-cv-0131-TCB |

## CERTIFICATE OF SERVICE

I certify that I electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system.

This 7th day of May, 2018.

                                      *s/ Gabriel A. Mendel*
                                      Gabriel A. Mendel
                                      Assistant U.S. Attorney